UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RONALD ROLLINGS,

    Plaintiff,

v.

ROGER A. BENNETT,

    Defendant.

CASE NO. C12-5912 BHS

ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND MOTION TO APPOINT COUNSEL

This matter comes before the Court on Ronald Rollings's ("Rollings") Application to Proceed In Forma Pauperis (Dkt. 1) and his Motion to Appoint Counsel (Dkt. 2) . The Court has considered the pleadings filed in support of the motions and the remainder of the file and hereby denies the motions for the reasons stated herein.

## I.    DISCUSSION

On October 15, 2012, Rollings filed a complaint against Roger Bennett, a former Clark County Judge, apparently alleging a violation of his rights under the Freedom of Information Act (FIOA) related to a denial of his request for state court documents. Dkt. 1-2. On the same day, Rollings filed an application to proceed in forma pauperis (Dkt. 1) and a motion to appoint counsel (Dkt. 2).

ORDER - 1

**A.     Application to Proceed In Forma Pauperis**

The district court may permit indigent litigants to proceed in forma pauperis upon completion of a proper affidavit of indigency.  *See* 28 U.S.C. § 1915(a).  However, the "privilege of pleading in forma pauperis . . . in civil actions for damages should be allowed only in exceptional circumstances."  *Wilborn v. Escalderon*, 789 F.2d 1328 (9th Cir. 1986).  Moreover, the court has broad discretion in denying an application to proceed in forma pauperis.  *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

To begin with, it appears Rollings is not without sufficient income to pay the filing fee in this matter.  Further, notwithstanding Rollings's framing of his alleged case against the Defendants as a federal cause of action under the FIOA, the Court is unable to determine what cause of action might lie in this Court.  In fact, it appears that if Rollings has a cause of action, it likely would be in state court.  Rollings has either not plead any valid causes of action or supported a valid cause of action with adequate facts.  In short, it does not appear that Rolllings can sustain his claims either in law or fact.  Based on the Court's review of Rollings's complaint, the Court finds it likely to be without merit and conceivably frivolous.

**B.     Motion to Appoint Counsel**

There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983.  Although a court, under 28 U.S.C. § 1915(e), can request counsel to represent a party proceeding in forma pauperis, the court may do so only in exceptional circumstances.  *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997).  A finding of

1 | exceptional circumstances requires an evaluation of both the likelihood of success on the
2 | merits and the ability of the plaintiff to articulate his or her claims pro se in light of the
3 | complexity of the legal issues involved. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331
4 | (9th Cir. 1986).
5 |     Rollings fails to demonstrate exceptional circumstances that warrant appointment
6 | of counsel. While his complaint is unclear as to the factual and legal basis for his claim
7 | in federal court, it appears the legal issues are narrow and not complex in nature. In
8 | addition, Rollings does not demonstrate a likelihood of success on the merits.

## II.   ORDER

10 |     Therefore, it is hereby **ORDERED** that Rollings's Motion to Appoint Counsel
11 | (Dkt. 2) is **DENIED**; and that his Application to Proceed In Forma Pauperis (Dkt. 1) is
12 | also **DENIED**. If Rollings desires to proceed with this civil action, he shall pay the $350
13 | filing fee to the Court Clerk not later than November 15, 2012. If Rollings fails to timely
14 | submit the filing fee, the Clerk is directed to dismiss this case without prejudice.
15 |     Dated this 18th day of October, 2012.

BENJAMIN H. SETTLE
United States District Judge